WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: Experian Information Solutions, Incorporated | **No. CV-15-01212-PHX-GMS** (LEAD CASE)<br><br>**ORDER**<br><br>**Consolidated With:**<br><br>No. CV-16-01888-PHX-GMS<br>No. CV-16-01883-PHX-GMS<br>No. CV-16-01879-PHX-GMS<br>No. CV-16-01877-PHX-GMS<br>No. CV-16-01847-PHX-GMS<br>No. CV-16-01727-PHX-GMS<br>No. CV-16-01834-PHX-GMS<br>No. CV-16-01824-PHX-GMS<br>No. CV-16-01825-PHX-GMS<br>No. CV-16-01728-PHX-GMS<br>No. CV-16-01890-PHX-GMS<br>No. CV-16-01844-PHX-GMS<br>No. CV-16-01731-PHX-GMS<br>No. CV-16-01729-PHX-GMS<br>No. CV-16-01730-PHX-GMS<br>No. CV-16-01845-PHX-GMS<br>No. CV-16-01833-PHX-GMS<br>No. CV-16-00660-PHX-GMS<br>No. CV-16-00661-PHX-GMS<br>No. CV-16-00663-PHX-GMS<br>No. CV-16-00665-PHX-GMS<br>No. CV-16-00666-PHX-GMS<br>No. CV-16-00667-PHX-GMS<br>No. CV-16-01039-PHX-GMS |

**No. CV-16-02987-PHX-GMS**
**No. CV-16-03038-PHX-GMS**
**No. CV-16-03039-PHX-GMS**
**No. CV-16-03040-PHX-GMS**
**No. CV-16-03041-PHX-GMS**
**No. CV-16-03005-PHX-GMS**

Pending before the Court is the Motion to Dismiss of Counterclaim-Defendant Scoreinc.com, Inc. ("Score"), (Doc. 221).[1] For the following reasons, the Court grants the motion.

## BACKGROUND

The thirty-one cases consolidated in this action all involve similar factual allegations. A consumer utilized the services of a "credit repair organization" ("CRO") in an effort to improve his or her credit score. That CRO contacted Experian Information Solutions, Inc. ("Experian"), a "consumer reporting agency" ("CRA"), and, purporting to act on behalf of the consumer, the CRO disputed certain items on the consumer's credit report, which Experian had prepared. Rather than immediately investigate the disputed items, Experian contacted the consumer directly to confirm whether the consumer had initiated the dispute.

The thirty-one plaintiffs here are those consumers. They allege that Experian violated certain duties under the Fair Credit Reporting Act ("FCRA") by its conduct. One of those plaintiffs was designated as a bellwether plaintiff, and cross-motions for summary judgment in that case are also pending before this Court and are ruled on in a separate order.

Experian has also brought counterclaims again Score, the CRO that disputed items on plaintiff Trinity Warner's credit report. (Doc. 204.) Those counterclaims are at issue here. Experian alleges that Score, along with an Arizona company known as AZ Credit

---

[1] Experian has requested oral argument. That request is denied because the parties have had an adequate opportunity to discuss the law and facts, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

Medix LLC (formerly known as Parker Consulting Services LLC ("Parker")),[2] sent Experian letters on behalf of Trinity Warner.[3] According to Experian:

> Parker and Score attempt to improve clients' credit reports by disputing all or nearly all negative entries on clients' consumer reports, regardless of the accuracy of those items. Score is an agent of Parker, and the entities submit these disputes to Experian, while concealing the facts that the items are being disputed by Parker and Score, and not the consumer, and that it is Parker and Score, and not the consumer, which is notifying Experian of the purported disputes.
>
> [. . .]
>
> Parker and Score intentionally craft dispute letters designed to mislead Experian into believing that the consumer is disputing the item and that the dispute is being directly submitted by the consumer to Experian. . . . Parker and Score's further practice is to dispute all or nearly all negative items on customers' consumer reports, regardless of whether or not the customers have a good faith belief that the items are inaccurate or incomplete. . . .
>
> Parker and Score followed this fraudulent paradigm in submitting disputes regarding items on the consumer report of the plaintiff in the underlying lawsuit, Trinity Warner . . . .

(Doc. 204 at 6–7.) Experian brings four counterclaims. The first counterclaim seeks declaratory relief against Warner, Parker and Score, to the effect that (1) communications sent by Parker and Score on behalf of Warner do not satisfy FCRA's requirement that disputes be submitted directly by the consumer; (2) that Experian is not obligated to conduct a reinvestigation under FCRA when there is "*prima facie* evidence that either the item was not disputed by the consumer or that the consumer did not notify the agency directly of that dispute"; and (3) that the Credit Repair Organizations Act ("CROA") prohibits Parker and Score from representing that a dispute letter is sent from a customer when in fact it is sent by Parker or Score. (Doc. 204 at 14–15.)

---

[2] Parker, along with Warner, is also named as a third-party defendant in Experian's counterclaims, but neither has joined in Score's motion to dismiss.

[3] The Court takes as true the allegations in Experian's Answer and Counterclaims for the purposes of this Motion to Dismiss. *See Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1991).

In the second counterclaim Experian seeks damages and injunctive relief against Parker and Score for alleged violations of the CROA. Based on the same underlying conduct, Experian also alleges that Parker and Score engaged in fraudulent concealment (the third counterclaim) and intentional misrepresentation (the fourth counterclaim).

Score seeks to dismiss the counterclaims against it for lack of subject-matter jurisdiction, improper joinder, lack of personal jurisdiction, and improper venue.

## DISCUSSION

Experian's counterclaims seek to join Score and Parker as additional parties to the litigation. Federal Rule of Civil Procedure 13(h), titled "Joining Additional Parties," provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." As relevant here, Rule 20(a) provides that "Persons . . . may be joined in one action as defendants if any right to relief is asserted . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

Though there is disagreement among the district courts as to the exact requirements of this rule, it is clear that "at least one party against whom a counterclaim/third-party claim is asserted [must be] a party to the original action." *Various Markets, Inc. v. Chase Manhattan Bank, N.A.*, 908 F. Supp. 459, 471 (E.D. Mich. 1995).[4]

Experian's counterclaim for declaratory judgment is brought against plaintiff

---

[4] The *Various Markets* court held that so long as a counterclaim against a new party was asserted in the same pleading as a counterclaim against an existing party, the new party could be joined. 908 F. Supp. at 471. Other courts have required that *all* counterclaims must name an existing party as well as any new parties. *See AllTech Commc'ns, LLC v. Brothers*, 601 F. Supp. 2d 1255, 1261 n.3 (N.D. Okla. 2008) ("This Court finds the better interpretation to be that each individual counterclaim against a non-party must also be asserted against an existing party, rather than merely asserted in the same pleading as those asserted against existing parties."). It is also plausible to split the difference and construe the rule as requiring that at least one counterclaim must name both an existing party and any new parties. The exact requirements of Rule 13(h) are not dispositive here; under any construction of the Rules, there must be a viable counterclaim against the original plaintiff for Score and Parker to be added.

Warner as well as Score and Parker, while its three other counterclaims are brought against Score and Parker only. Thus, Score and Parker may only be joined as third-party defendants if the counterclaim against Warner is proper.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a plaintiff must establish standing by showing "that there is a substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 658 (9th Cir. 2002) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Experian's claim for declaratory relief touches on three subjects. First, Experian seeks a declaration that the correspondence sent by Score and Parker on Warner's behalf does not trigger its duty under FCRA to investigate disputes that come directly from the consumer. Second, and relatedly, Experian seeks a declaration that "prima facie" evidence that a dispute was sent not by a consumer but by a CRO relieves Experian of any obligation under FCRA to pursue a reinvestigation. Third, Experian seeks a declaration that the CROA prohibits Parker and Score from representing that a dispute letter is sent from a customer when in fact it is sent by Parker or Score. The first is effectively a defense against the claims that Warner has brought against Experian under FCRA. That there is a "definite and concrete" controversy "touching the legal relations of parties having adverse legal interests" sufficient to permit this Court to hear a claim for declaratory judgment, *see Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41 (1937), is evident from the pending legal proceeding.

Whether the Court should entertain that claim is another matter. District courts will often decline to entertain declaratory judgment counterclaims that are essentially duplicative of a defendant's defense against an underlying suit. *See, e.g.*, *Aviva USA Corp. v. Vazirani*, 902 F. Supp. 2d 1246, 1273 (D. Ariz. 2012) ("Counterclaimants have failed to show that they are entitled to declaratory relief in addition to receiving summary judgment in their favor on the claims in Plaintiffs' Complaint."); *Englewood Lending Inc. v. G & G Coachella Invs., LLC*, 651 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) ("Here, the

first Counterclaim overlaps with the relief sought [by the plaintiff] and with two of the affirmative defenses the [defendants] assert. Accordingly, entertaining the first Counterclaim does not serve the intended purpose [of] the Declaratory Judgment Act. . . . [The defendants] do not live in fear of a potential suit; they are already obliged to defend against one."); *see also Boone v. MountainMade Found.*, 684 F. Supp. 2d 1 (D.D.C. 2010) (collecting cases).

A declaratory judgment as to the first matter on which Experian seeks declaratory judgment would settle no questions not settled by the Court's order on the pending cross motions for summary judgment. Whether Experian violated Warner's right to reasonable procedures and reinvestigation, when a dispute letter was sent by a CRO, is the dispositive legal question on which the cross motions for summary judgment turn.

The second matter on which Experian seeks declaratory judgment suffers from a related problem. Experian seeks a declaration that it is excused from investigating disputes bearing "prima facie" evidence of not being sent directly by a consumer. But such a declaration is either duplicative of the summary judgment question, or based on facts not at issue here. In this case, Experian had prima facie evidence and acted on it; whether in this case it fulfilled its obligations under FCRA is decided in the summary judgment order. The judgment requested by Experian is worded so as to seek a declaration that it is excused from its FCRA obligations when a dispute bears prima facie evidence that it was not sent by a consumer, even if the dispute *was* actually sent by the consumer. Yet, there is no basis in the facts on which to make such a determination, which further seems to run afoul of the plain language of the statute. "Federal courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks and citation omitted). A declaration of rights on that hypothetical question is thus inappropriate here.

The third matter on which Experian seeks declaratory relief is different. Whether CROs such as Score and Parker violate the CROA when they send dispute letters

purporting to be from a consumer is not a question at issue in the original action. In fact, it is not a matter of substantial controversy pitting Experian's legal interests against Warner's, and thus this Court does not have jurisdiction over it, at least with respect to Warner.[5]

The relevant section of the CROA states:

> No person may make or use any untrue or misleading representation of the services of the credit repair organization; or engage, directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization.

15 U.S.C. § 1679b(a)(3)&(4). Experian seeks a declaration that *Parker and/or Score*—not Warner—violate these provisions by

> (i) failing to state in any correspondence, notice or other communication from [Parker and/or Score], regarding the completeness or accuracy of any item of information contained in a consumer's file at Experian, that the communication is being made by Parker and/or Score, and (ii) expressly or implicitly representing that correspondence, notices, or other communications from Parker and/or Score, regarding the completeness or accuracy of any item of information contained in a consumer's file at Experian are being made by the consumer.

(Doc. 204 at 15.) The CROA provides that "[a]ny person who fails to comply with any provision of this subchapter with respect to any other person shall be liable to such person." 15 U.S.C. § 1679g(a).

Nevertheless, it is clear from the text and structure of the CROA that the "persons" whose conduct the CROA regulates are credit repair organizations or persons associated with credit repair organizations. The stated congressional purposes of the CROA are "to ensure that prospective buyers of the services of credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of

---

[5] The question of whether there is an actual controversy between Experian on the one hand and Score and Parker on the other over Score's and Parker's alleged violations of the CROA is a separate question which need not be decided to dispose of Score's motion to dismiss.

such services" and "to protect the public from unfair or deceptive advertising and business practices by credit repair organizations." 15 U.S.C. § 1679(b). The Supreme Court has recognized that the CROA "regulates the practices of *credit repair organizations*." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (emphasis added). As the United States District Court for the Northern District of Florida has noted, the structure of the statute as a whole strongly indicates that it does not apply beyond CROs and those associated with them:

> That the Act's explicit purposes relate only to credit-repair organizations and services is just the beginning. The congressional findings relate to credit-repair services, 15 U.S.C. § 1679(a), the disclosures mandated by the Act apply only to credit-repair organizations, *id.* at § 1679c, the Act's record-retention requirements apply only to credit-repair organizations, *id.* at § 1679c(c), and the Act's limitations on contracts apply only to contracts for credit-repair services, *id.* at § 1679d-e. Similarly, some of the Act's damages provisions make sense only if the defendant is a credit-repair organization. Thus the Act allows recovery of "any amount paid . . . to the credit repair organization," 15 U.S.C. § 1679g(a)(1)(B), and authorizes a court to consider, in deciding whether to impose punitive damages, "the frequency and persistence of noncompliance by the credit repair organization." *Id.* at 1679g(b)(1). These provisions all suggest that the scope of the Act should be limited to credit-repair organizations and services.
>
> Finally, even viewed in isolation, the "prohibited practices" section of the Act, though not a model of clarity, is at least susceptible to this reading. Although its introductory words are broad—"[n]o person may"—the section goes on to impose liability for statements that "should be known by the credit repair organization, officer, employee, agent, or other person to be untrue or misleading." 15 U.S.C. § 1679b(a)(1) (emphasis added). When the items in the list are read *in pari materia*, the reference to other "person" means another person connected with a credit-repair organization—just as the references to an "officer, employee, [or] agent" means an "officer, employee, [or] agent" of a credit-repair organization.

*Lopez v. ML #3, LLC*, 607 F. Supp. 2d 1310, 1313–14 (N.D. Fla. 2009).[6] Additionally, it

---

[6] District courts in this circuit and others have come to the same conclusion. *See, e.g.*, *Enriquez v. Countrywide Home Loans, FSB*, 814 F. Supp. 2d 1042, 1063 (D. Haw. 2011) (holding that claim against mortgage lender failed because lender was not a credit repair organization); *Henry v. Westchester Foreign Autos, Inc.*, 522 F. Supp. 2d 610, 613 (S.D.N.Y. 2007) ("Congress' focus in enacting the CROA was on the credit repair industry, and specifically for regulation of credit repair organizations. Although this

- 8 -

seems unlikely that Congress intended for a statute designed to protect consumers against unfair practices by CROs to also be used to subject those same consumers to liability.

Accordingly, among the parties here, the CROA imposes duties and liability on Parker and Score, but not on Warner and Experian. Experian cannot bring suit against Warner under the CROA; Warner cannot bring suit against Experian under the CROA. They do not have "adverse interests" related to the CROA that may be adjudicated by a declaratory judgment as to Parker's and Score's conduct. A declaration that Parker and/or Score failed to comply with the CROA therefore may clarify the legal relations between Parker/Score and Experian, and between Parker/Score and Warner, but it would not settle any imminent legal disputes between Experian and Warner as to the CROA. Thus, the Court has no jurisdiction over that aspect of Experian's counterclaim against Warner.

As discussed above, even under the broadest reading of Rule 13(h), a counterclaim against a new party must at least be accompanied by a counterclaim against an existing party. *See Various Markets*, 908 F. Supp. at 471. When the only counterclaim that includes an existing party is dismissed as improper, the counterclaims against the new party must thus also be dismissed. *See Speer v. JBJ Elec. Co.*, No. CIV-04-2110-PHX-MHM, 2006 U.S. Dist. LEXIS 16350, at *6–8 (D. Ariz. Mar. 25, 2006) (dismissing counterclaim against new party because counterclaim against existing party failed to comply with Rule 9(b)). This is still true when, as here, the claim against the existing party is dismissed in part at the discretion of the Court. The only purpose the claim would serve would be to allow Experian to bring in its counterclaims against Parker and Score under Rule 13(h). *Cf. Warfield v. Advnt Biotechnologies, LLC*, No. CIV-06-0904-PHX-DGC, 2006 WL 3257718, at *4 (D. Ariz. Nov. 9, 2006) (describing *Speer* as "dismissing a counterclaim directed toward a new party and existing plaintiff when the existing plaintiff was nominally included for the sole purpose of complying with Rule

---

section uses the word 'person,' it is clear that it was not Congress' intent to have the CROA apply to all persons, whether they are associated with credit repair or not.").

13(h)").

It is true, as Experian argues, that Rule 13 is liberally construed, and that the Rule is in part "intended to avoid circuit of action and to dispose of the entire subject matter arising from one set of facts in one action." *Various Markets*, 908 F. Supp. at 471 (quoting *LASA Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 146 (6th Cir. 1969)). But while the facts at issue here are *similar* to those at issue in the bellwether case that has proceeded to summary judgment—similar enough, to be sure, to consolidate the cases for decision—the facts are not the same. The parties, with the exception of Experian, are not the same. The bellwether plaintiff did not utilize the services of Score, but rather those of a different CRO, Go Clean Credit. Crucially, while discovery with respect to Plaintiff McIntyre and CRO Go Clean Credit has been fully conducted, discovery has not proceeded beyond the jurisdictional stage insofar as Plaintiff Warner and CRO Score are concerned. If Experian wishes to bring claims against Score, it may do so in a separate action—and doing so will not be markedly inefficient as opposed to proceeding here. Regardless, of course, the Federal Rules of Civil Procedure must be followed, and under the Rules, Experian may not bring counterclaims against third-party defendants Score and Parker when it has no viable counterclaims against Plaintiff Warner.

## CONCLUSION

For the reasons discussed above, Score's motion to dismiss the claims against it is granted, and those claims are dismissed. Although Warner and Parker answered Experian's counterclaims, rather than move for dismissal, the claims against them are dismissed as well. The Court declines to exercise jurisdiction over the counterclaim against Warner. The Court further has power to dismiss the claims against Parker sua sponte under Rules 13(h) and 20. *See, e.g.*, *Bracey v. Rendell*, No. 11-217E, 2012 WL 226871, at *1 n.4, (W.D. Pa. Jan. 25, 2012); *Dean v. Anderson*, No. 01-2599-JAR, 2002 WL 31115239, at *2 (D. Kan. Sept. 18, 2002).

*/ / /*

1 **IT IS THEREFORE ORDERED** that the Motion to Dismiss of Counterclaim-Defendant Scoreinc.com, Inc., (Doc. 221), is **GRANTED**.

**IT IS FURTHER ORDERED** that Experian's First Counterclaim is **DISMISSED WITH PREJUDICE** as to Counterclaim-Defendant Trinity Warner only.

**IT IS FURTHER ORDERED** that Experian's Counterclaims against Counterclaim-Defendants Scoreinc.com, Inc. and AZ Credit Medix are **DISMISSED WITHOUT PREJUDICE**.

Dated this 16th day of August, 2017.

_____
Honorable G. Murray Snow
United States District Judge